

Judge Pauley
REV. 12/2004

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither ~~replace nor supplement~~ filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

05 CV 9105

| PLAINTIFFS United States of America | DEFENDANTS Any and All Funds in Account Nos. XXXXXX2445,... |

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)    ATTORNEYS (IF KNOWN)

AUSA Vincent Tortorella
U.S. Attorney's Office, One St. Andrews Plaza
New York, New York 10007

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

18 U.S.C. § 981 and 984

Has this or a similar case been previously filed in SDNY at any time? No ☒  Yes? ☐   Judge Previously Assigned

If yes, was this case Vol.☐ Invol. ☐  Dismissed. No☐ Yes ☐   If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*                    NATURE OF SUIT

ACTIONS UNDER STATUTES

| TORTS | | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| **CONTRACT** | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 AGRICULTURE | [ ] 422 APPEAL 28 USC 158 | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 620 FOOD & DRUG | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [x] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | | [ ] 430 BANKS & BANKING |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 366 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | [ ] 630 LIQUOR LAWS | **PROPERTY RIGHTS** | [ ] 450 COMMERCE/ICC RATES/ETC |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | | [ ] 640 RR & TRUCK | [ ] 820 COPYRIGHTS | [ ] 460 DEPORTATION |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | [ ] 650 AIRLINE REGS | [ ] 830 PATENT | [ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 660 OCCUPATIONAL SAFETY/HEALTH | [ ] 840 TRADEMARK | [ ] 480 CONSUMER CREDIT |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [x] 690 OTHER | **SOCIAL SECURITY** | [ ] 490 CABLE/SATELLITE TV |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | **LABOR** | [ ] 861 MIA (1395FF) | [ ] 810 SELECTIVE SERVICE |
| [ ] 160 STOCKHOLDERS SUITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 862 BLACK LUNG (923) | [ ] 850 SECURITIES/COMMODITIES/EXCHANGE |
| [ ] 190 OTHER CONTRACT | | | [ ] 720 LABOR/MGMT RELATIONS | [ ] 863 DIWC (405(g)) | [ ] 875 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | | [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | [ ] 863 DIWW (405(g)) | [ ] 891 AGRICULTURE ACTS |
| [ ] 196 FRANCHISE | | | [ ] 740 RAILWAY LABOR ACT | [ ] 864 SSID TITLE XVI | [ ] 892 ECONOMIC STABILIZATION ACT |
| | **ACTIONS UNDER STATUTES** | | [ ] 790 OTHER LABOR LITIGATION | [ ] 865 RSI (405(g)) | [ ] 893 ENVIRONMENTAL MATTERS |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 EMPL RET INC SECURITY ACT | **FEDERAL TAX SUITS** | [ ] 894 ENERGY ALLOCATION ACT |
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING | [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255 | | [ ] 870 TAXES | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 220 FORECLOSURE | [ ] 442 EMPLOYMENT | | | [ ] 871 IRS-THIRD PARTY 20 USC 7609 | [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 443 HOUSING ACCOMMODATIONS | [ ] 530 HABEAS CORPUS | | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 240 TORTS TO LAND | [ ] 444 WELFARE | [ ] 535 DEATH PENALTY | | | [ ] 890 OTHER STATUTORY ACTIONS |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 540 MANDAMUS & OTHER | | | |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 550 CIVIL RIGHTS | | | |
| | [ ] 440 OTHER CIVIL RIGHTS | [ ] 555 PRISON CONDITION | | | |

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION        DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
UNDER F.R.C.P. 23                      IF SO, STATE:

DEMAND $_____ OTHER _____  JUDGE _____  DOCKET NUMBER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☒ NO          NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

*(PLACE AN x IN ONE BOX ONLY)*                                 **ORIGIN**

☒ 1 Original    ☐ 2 Removed from    ☐ 3 Remanded from  ☐ 4 Reinstated or    ☐ 5 Transferred from  ☐ 6 Multidistrict    ☐ 7 Appeal to District
Proceeding         State Court         Appellate Court      Reopened             (Specify District)   Litigation           Judge from
                                                                                                                           Magistrate Judge
                                                                                                                           Judgment

*(PLACE AN x IN ONE BOX ONLY)*                   **BASIS OF JURISDICTION**                *IF DIVERSITY, INDICATE*
☒ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT    ☐ 3 FEDERAL QUESTION        ☐ 4 DIVERSITY      *CITIZENSHIP BELOW.*
                                             (U.S. NOT A PARTY)                            *(28 USC 1332, 1441)*

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

AUSA Vincent Tortorella
U.S. Attorney's Office- SDNY
One St. Andrews Plaza
New York, New York 10007

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☐ WHITE PLAINS    ☒ FOLEY SQUARE
              (DO NOT check either box if this a PRISONER PETITION.)

DATE         SIGNATURE OF ATTORNEY OF RECORD                    ADMITTED TO PRACTICE IN THIS DISTRICT
10/26/05                                                        [ ] NO
RECEIPT #                                                       [x] YES (DATE ADMITTED  Mo. 3 ____ Yr. 04 ____ )
                                                               Attorney Bar Code #  VT-6134

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

FORM USA-33s-467

WARRANT FOR ARREST OF ARTICLE IN REM    **Judge Pauley**

UNITED STATES OF AMERICA            )
                                    :    ss:    **05 CV    9105**
SOUTHERN DISTRICT OF NEW YORK       )

THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the United States Marshals Service -- GREETING:

        WHEREAS, a complaint has been filed in the United States District Court for the Southern District of New York on the 26th day of October, 2005 of the UNITED STATES OF AMERICA, Plaintiff, against Any and all funds in account nos. ▮▮▮▮2445 and ▮▮▮▮3230, in the name of Larimar Pharmacy, held at Ponce De Leon Federal Bank, or any account(s) to which said contents have been transferred, Any and all funds in account no. ▮▮▮▮03-65 in the name of Ana Almonte, held at JP Morgan Chase, or any account(s) to which said contents have been transferred, Any and all funds in account nos. ▮▮▮▮1100 and ▮▮▮3020, in the name of Ana Almonte, and nos. ▮▮7334 and ▮▮3742 in the name of Larimar Pharmacy, held at Citibank, or any account(s) to which said contents have been transferred, Any and all funds in account nos. ▮▮▮▮2128 and ▮▮▮▮2136, in the name of Larimar Pharmacy, held at Washington Mutual Bank, or any account(s) to which said contents have been transferred;

Defendant-in-rem,

upon a civil and maritime claim for seizure and condemnation of said articles for the reasons and causes in the said complaint mentioned and praying for process of warrant for the arrest of the said articles, and that all persons interested in the said articles may be cited in general and special to answer the premises; and all proceedings being had, that the said articles may for the causes in the said complaint mentioned be condemned and forfeited to the use of the UNITED STATES OF AMERICA;

        You are therefore hereby commanded to attach the said articles and to detain the same in your custody until the further order of the Court respecting the same, and to give due notice to all persons claiming the same or knowing or having anything to say why the same should not be condemned and forfeited pursuant to the prayer of said complaint that they must file their claims with the Clerk of this Court within thirty (30) days after the execution of this process or within such additional time as may be allowed by the Court and must serve their answers within twenty (20) days after the filing of their claims, and that you promptly after execution of this process file the same in this Court with your return thereon.

        WITNESS, THE HONORABLE Michael B. Mukasey, Chief Judge of said Court, at New York, New York in the Southern District of New York on this 25th day of October, 2005.


                                    **J. MICHAEL McMAHON**
                                    CLERK

                                    _Jessica Doss_
                                    DEPUTY CLERK

                                    MICHAEL J. GARCIA
                                    United States Attorney
                                    Southern District of New York

                        By:         _____
                                    VINCENT TORTORELLA
                                    Assistant United States Attorney
                                    Attorney for Plaintiff

NOTE: Claimant is required to file claim in the Clerk's Office and to answer or except to said complaint within the times above fixed; otherwise, the plaintiff may enter an interlocutory or final judgment as may be appropriate.
This warrant is issued pursuant to Rule C (3) of the Supplementary Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
BY:  VINCENT TORTORELLA (VT-6134)
One St. Andrew's Plaza
New York, New York  10007
Tel. No. (212) 637-2606



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
UNITED STATES OF AMERICA,           :     VERIFIED COMPLAINT
                                    :
              Plaintiff             :     05 Civ. CV  9105
                                    :
           -v-                      :
                                    :
ANY AND ALL FUNDS IN ACCOUNT        :
NOS. ▮▮▮▮2445 AND ▮▮▮▮3230,         :
IN THE NAME OF ANA ALMONTE, AND     :
NOS. ▮▮▮▮2991 AND ▮▮▮▮3007 IN       :
THE NAME OF LARIMAR PHARMACY, HELD  :
AT PONCE DE LEON FEDERAL BANK, OR   :
ANY ACCOUNT(S) TO WHICH SAID        :
CONTENTS HAVE BEEN TRANSFERRED,     :
                                    :
ANY AND ALL FUNDS IN ACCOUNT        :
NO. ▮▮▮▮▮▮▮03-65 IN THE NAME OF     :
ANA ALMONTE, HELD AT JP MORGAN      :
CHASE, OR ANY ACCOUNT(S) TO         :
WHICH SAID CONTENTS HAVE BEEN       :
TRANSFERRED,                        :
                                    :
ANY AND ALL FUNDS IN ACCOUNT NOS.   :
▮▮▮3100 AND ▮▮▮3020, IN THE NAME    :
OF ANA ALMONTE, AND NOS. ▮▮▮7334    :
AND ▮▮▮3742 IN THE NAME OF          :
LARIMAR PHARMACY, HELD AT           :
CITIBANK, OR ANY ACCOUNT(S) TO      :
WHICH SAID CONTENTS HAVE BEEN       :
TRANSFERRED,                        :
                                    :
ANY AND ALL FUNDS IN ACCOUNT NOS.   :
▮▮▮▮2128 AND ▮▮▮▮2136, IN           :
THE NAME OF LARIMAR PHARMACY,       :
HELD AT WASHINGTON MUTUAL BANK,     :
OR ANY ACCOUNT(S) TO WHICH SAID     :
CONTENTS HAVE BEEN TRANSFERRED,     :
                                    :
              Defendants-in-rem.    :
------------------------------------x

Plaintiff United States of America, by its attorney

Michael J. Garcia, United States Attorney for the Southern

District of New York, as and for its verified complaint, alleges,

upon information and belief, as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to 18 U.S.C. §§

981 and 984 by the United States of America seeking the

forfeiture of the following bank accounts:

ANY AND ALL FUNDS IN ACCOUNT NOS.          2445 AND          3230,
IN THE NAME OF ANA ALMONTE, AND NOS.       2991 AND          3007
IN THE NAME OF LARIMAR PHARMACY, HELD AT PONCE DE LEON
FEDERAL BANK, OR ANY ACCOUNT(S) TO WHICH SAID CONTENTS HAVE
BEEN TRANSFERRED,

ANY AND ALL FUNDS IN ACCOUNT NO.          03-65 IN THE NAME
OF ANA ALMONTE, HELD AT JP MORGAN CHASE, OR ANY ACCOUNT(S)
TO WHICH SAID CONTENTS HAVE BEEN TRANSFERRED,

ANY AND ALL FUNDS IN ACCOUNT NOS.          3100 AND     3020, IN
THE NAME OF ANA ALMONTE, AND NOS.          7334 AND     3742 IN
THE NAME OF LARIMAR PHARMACY, HELD AT CITIBANK, OR ANY
ACCOUNT(S) TO WHICH SAID CONTENTS HAVE BEEN
TRANSFERRED,

ANY AND ALL FUNDS IN ACCOUNT NOS.          2128 AND          2136,
IN THE NAME OF LARIMAR PHARMACY, HELD AT WASHINGTON MUTUAL
BANK, OR ANY ACCOUNT(S) TO WHICH SAID CONTENTS HAVE BEEN
TRANSFERRED,

(hereinafter collectively referred to as the "Defendants-in-

Rem").

2. This Court has jurisdiction pursuant to 28 U.S.C.

§§ 1345 and 1355. Venue is proper under 28 U.S.C. § 1355(b)(1)(A)

2

because actions and omissions giving rise to forfeiture took place in the Southern District of New York and pursuant to 28 U.S.C. § 1395 because the defendants accounts were found and seized in the Southern District of New York.

3.    On October 21, 2005, United States Magistrate Judge Theodore H. Katz issued a warrant pursuant to 18 U.S.C. §§ 981 and 984 for the seizure of, <u>inter alia</u>, any and all funds in the above-described bank accounts, on the ground that there was probable cause to believe that such funds are subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(A) and (C).

a.    Pursuant to the seizure warrant, agents of the Federal Bureau of Investigation ("FBI") seized the indicated funds from the above-described Defendants-in-Rem.

4.    On or about October 11, 2005, the Honorable Douglas F. Eaton signed a complaint, docket number 05 Mag. 1718, in which the Government charged ANA I. ALMONTE, GREGORIA REYES, a/k/a "Nani," YOLAINE PERALTA, a/k/a "Yoli," and TERESA LNU, a/k/a "Tere," with conspiring to defraud the Medicaid program. (hereinafter collectively referred to as the "defendants").

## II. <u>PROBABLE CAUSE FOR FORFEITURE</u>

### <u>Background</u>

5.    As set forth below, members of the FBI conducted an

3

investigation into a scheme to defraud the Medicaid Program of reimbursement costs operated out of Larimar Pharmacy located at 4126 Broadway in the Bronx, New York by the defendants.  Almonte owned Larimar Pharmacy beginning on or about November 1, 2001 through the present, while the others were employed at the pharmacy.

      6.   Members of the FBI learned that the defendants operated a scheme to defraud the Medicaid Program of reimbursement costs for prescription drugs which were never dispensed.  While operating and working at Larimar Pharmacy, the defendants obtained drug prescriptions from Medicaid beneficiaries and provided the beneficiaries with payments of cash and merchandise, such as hair care products and phone cards, in lieu of the prescription drugs.

      7.   The defendants would then submit claims to the Medicaid program for reimbursement for the prescription drugs which had ostensibly been provided to the beneficiaries, but in truth had never been dispensed to the Medicaid beneficiaries or even sufficiently stocked by the pharmacy.  By this scheme, the defendants were able to obtain and pocket the profits of the Medicaid reimbursement for the drug prescriptions, minus only the cost of the cash and merchandise provided to the Medicaid beneficiaries.

4

8. Starting in approximately December, 2003, members of the FBI began interviewing a confidential source ("CS") regarding payments of cash to Medicaid beneficiaries by Larimar Pharmacy. The CS advised the agents that individuals took their prescriptions to Larimar and received cash instead of receiving the prescription drugs, that certain other individuals recruited or referred others to Larimar in exchange for a portion of the payment, and that still other individuals associated with or who loitered inside Larimar Pharmacy told Medicaid beneficiaries about certain doctors to use to have their prescriptions written.

9. On approximately six (6) occasions, from on or about January 9, 2004 through on or about June 3, 2004, the CS, acting at the direction of the FBI, exchanged drug prescriptions for cash and merchandise at Larimar Pharmacy.

10. On approximately three (3) occasions, from on or about June 18, 2004 through on or about September 13, an undercover FBI agent posing as a Medicaid recipient entered Larimar Pharmacy and exchanged drug prescriptions for cash and merchandise.

11. During the course of the investigation, billing records maintained by the Medicaid Program were reviewed regarding the total amount of certain prescription drugs dispensed to Medicaid recipients by Larimar Pharmacy, and compared them to the sales records of the wholesale pharmaceutical companies who supply

5

prescription medicines to Larimar pharmacy.  This comparison revealed a pattern of substantial billing to the Medicaid Program for prescription drugs ostensibly dispensed to Medicaid beneficiaries, but a correspondingly small number of purchases by Larimar Pharmacy of the prescription drugs for which Medicaid claims were submitted.   It appears from this comparison that Larimar Pharmacy purchased only approximately 18% of the drugs for which it submitted claims to Medicaid.

12.   On or about October 12, 2005, FBI agents arrested Almonte, Reyes, Perlata, and Teresa LNU, and executed a search warrant at Larimar Pharmacy.   Among the items recovered pursuant to the search warrant were deposit tickets from a number of the Defendants-in-Rem.

## Bank Accounts

13.   Bank records associated with Almonte and Larimar Pharmacy were reviewed by FBI agents which revealed that Almonte utilized a number of bank accounts to carry out the fraudulent scheme.

14.   Between November 1, 2001 and September 6, 2005, approximately $16 million was transferred or otherwise deposited into the following four accounts from Medicaid reimbursements. Money from those four accounts was then transferred to personal bank accounts controlled by Almonte.   Almonte reported no other source of income during the years relevant to these deposits, and

6

therefore these accounts do not contain any´legitimate money, aside from the approximately 18% of Medicaid reimbursements that appear to have been used to purchase medicine. This 18% however, was simply used as cover for the defendants' Medicaid fraud scheme, and the defendants used the Defendants-in-Rem to conceal their fraud proceeds.

　　　　　　　a.　　Account No.　███7334, held in the name of Larimar Pharmacy, at Citibank, N.A., One Court Square, Long Island City, New York ("Citibank Larimar 1 account"). From on or about November 1, 2001 to on or about September 6, 2005, approximately $12 million was deposited into this account. Of that amount, approximately $11.2 million came from Medicaid reimbursements, and approximately $100,000 came from other of the Defendants-in-Rem. Almonte is the signatory on this account.

　　　　　　　b.　　Account No.　███3742, held in the name of Larimar Pharmacy, at Citibank, N.A., One Court Square, Long Island City, New York ("Citibank Larimar 2 account"). From on or about July 21, 2003 to on or about August 12, 2005, approximately $1.8 million was deposited into this account. Of that amount, approximately $150,000 came from Medicaid reimbursements, and approximately $1.5 million came from other of the Defendants-in-Rem, primarily the Citibank Larimar 1 account. Almonte is the signatory on this account.

7

      c. Account No. ▮▮▮▮2991, held in the name of Larimar Pharmacy, at Ponce DeLeon Federal Bank, 2244 Westchester Avenue, Bronx, New York ("Ponce DeLeon Larimar 1 account"). From on or about April 20, 2004 to on or about December 21, 2004, approximately \$4.4 million was deposited into this account. Of that amount, approximately \$4.2 million came from Medicaid reimbursements. Almonte is the signatory on this account.

      d. Account No. ▮▮▮▮3007, held in the name of Larimar Pharmacy, at Ponce DeLeon Federal Bank, 2244 Westchester Avenue, Bronx, New York ("Ponce DeLeon Larimar 2 account"). From on or about April 21, 2004 to on or about December 22, 2004, approximately \$1.1 million was deposited into this account. Of that amount, approximately \$117,000 came from Medicaid reimbursements, and approximately \$630,000 came from other of the Defendants-in-Rem. Almonte is the signatory on this account.

    15. The bank records indicate that the fraud proceeds from the above-referenced accounts were then transferred to the following accounts described below in order to promote the fraudulent scheme and to conceal the funds.

      a. Account No. ▮▮▮▮2128, held in the name of Larimar Pharmacy, at Washington Mutual Bank, 400 E. Main Street, Stockton, California ("Washington Mutual Larimar 1 account"), and Account No. ▮▮▮▮2136, also held in the name of Larimar Pharmacy at Washington Mutual Bank ("Washington Mutual Larimar 2 account").

8

From on or about January 3, 2005 to on or about May 20, 2005,
approximately $1.6 million was deposited into these accounts, all
but approximately $50,000 of which came from the Ponce DeLeon
Larimar 1 and Ponce DeLeon Larimar 2 accounts.  Almonte is a
signatory on these accounts.

        b.    Account No. ███3020, held in the name of Ana
Almonte, at Citibank, N.A., One Court Square, Long Island City,
New York ("Citibank Almonte 1 account"), and Account No. ███3100,
also held in the name of Ana Almonte, at Citibank ("Citibank
Almonte 2 account").  From on or about September 10, 2003 to on or
about September 8, 2005, approximately $31,000 was deposited into
these accounts, at least $20,000 of which was from other of the
Defendants-in-Rem, including the Citibank Larimar 1 account.
Almonte is the signatory on these accounts.

        c.    Account No. ███████03-65, held in the name
of Ana Almonte, at JP Morgan Chase Bank, One Chase Manhattan
Plaza, New York ("JPM Chase Almonte 1 account").  From on or about
November 1, 2001 to on or about May 31, 2005, approximately $1.1
million was deposited into this account, at least $720,000 of
which was from other of the Defendants-in-Rem, including the
Citibank Larimar 1 account and the Ponce DeLeon Larimar 1 account.
Almonte is the signatory on this account.

        d.    Account No. ███████3230, held in the name of
Ana Almonte, at Ponce DeLeon Federal Bank ("Ponce DeLeon Almonte 1

9

account"), and Account No. ████2445, also held in the name of Ana Almonte at Ponce DeLeon Federal Bank ("Ponce DeLeon Almonte 2 account"). From on or about April 21, 2004 to on or about July 29, 2005, approximately $200,000 was deposited into these accounts, at least $125,000 of which was from other of the Defendants-in-Rem. Almonte is the signatory on these accounts.

### III. CLAIM FOR FORFEITURE

16. Incorporated herein are the allegations contained in paragraphs one through fifteen of this Verified Complaint.

17. The statutory provisions pursuant to which the Defendants-in-Rem are subject to forfeiture are as follows:

a.  Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property."

b.  Title 18, United States Code, Section 984 provides in relevant part that:

> (a)(1) In any forfeiture action in rem in which the subject property is cash, monetary instruments in bearer form, funds deposited in an account in a financial institution (as defined in section 20 of this title), or precious metals –
>
> > (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and

10

(B) it shall not be a défense that the property involved in such an offense has been removed and replaced by identical property.

(2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

(b) No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense.

c.    Title 18, United States Code, Section 1956(a),

commonly known as the "money laundering" statute, imposes a

criminal penalty upon:

(a)(1) [w]hoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity --

(A)(i) with the intent to promote the carrying on of specified unlawful activity; or (ii) with intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986; or

(B) knowing that the transaction is designed in whole or in part -- (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or (ii) to avoid a transaction reporting requirement under State or Federal law."

11

d.     18 U.S.C. § 1956(c)(7)(F) provides that "[a]ny act or activity constituting an offense involving a Federal health care offense" constitutes a specified unlawful activity.

e.     18 U.S.C. § 1957 provides in relevant part that:

> Whoever . . . knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).

f.     A "monetary transaction" is defined in 18 U.S.C. § 1957(f)(1) as the "deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce of funds . . . by, through, or to a financial institution . . . including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title . . . ."

g.     "Criminally derived property" is defined in 18 U.S.C. § 1957(f)(2) as "any property constituting, or derived from, proceeds obtained from a criminal offense."

h.     "Specified unlawful activity" is defined in 18 U.S.C. § 1957(f)(3) as having the same meaning as that term has in 18 U.S.C. § 1956.

i.     Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture:

12

> "[a]ny property, real or personal, which
> constitutes or is derived from proceeds traceable
> to . . . any offense constituting 'specific
> unlawful activity' (as defined in section
> 1956(c)(7) of this title), or a conspiracy to
> commit such offense."

j.    18 U.S.C. § 1956(c)(7)(F) provides that "[a]ny

act or activity constituting an offense involving a Federal health
care offense" constitutes a specified unlawful activity.

18.    Based on the foregoing, the Defendants-in-Rem
became, and are, subject to forfeiture to the United States of
America pursuant to 18 U.S.C. §§ 981 (a)(1)(A), 981(a)(1)(C), and
984.

13

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendants-in-Rem and that all persons having an interest in the Defendants-in-Rem be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendants-in-Rem to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
  October 26 , 2005   MICHAEL J. GARCIA
             United States Attorney for the
             Southern District of New York
             Attorney for the Plaintiff
             United States of America

     By:

             VINCENT TORTORELLA (VT-6134)
             Assistant United States Attorney
             One St. Andrew's Plaza
             New York, New York 10007
             Telephone: (212) 637-2606

14

### VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

JOHN CASALE, being duly sworn, deposes and says that he is a Special Agent with the United States Federal Bureau of Investigation, and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

The sources of deponent's information on the ground of his belief are official records and files of the United States and information obtained directly by the deponent during an investigation of alleged violations of Title 18, United States Code.

John Casale
Special Agent
Federal Bureau of Investigation

Sworn to before me this
25 th day of October, 2005

NOTARY PUBLIC

LESLEY B. GLENN
Notary Public, State of New York
No. G4-4654637
Qualified in New York County
Commission Expires 1/30/07

15