**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**----------------------------------------------------X**

**UNITED STATES OF AMERICA,**

                         **Plaintiff,**                      **05 Cv. 9105 (WHP)**
        **-against-**

**ANY AND ALL FUNDS IN ACCOUNT**
**NOS. 0720002445, et al.,**

                  **Defendants-in-Rem,**

**----------------------------------------------------X**

**MEMORANDUM OF LAW IN SUPPORT OF**
**CLAIMANT ANA I. ALMONTE'S  MOTION TO**
**DISMISS THE VERIFIED COMPLAINT**

## INTRODUCTION

This memorandum is respectfully submitted in support of the application of claimant Ana I. Almonte for an order dismissing the verified complaint pursuant to Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Rule 9(b) of the Federal Rules of Civil Procedure.  As we will show, the government has failed to satisfy the pleading requirements applicable both to actions seeking forfeiture and those based on claims of fraud.

## BACKGROUND

On October 25, 2005, the government filed a verified complaint ("the complaint")seeking forfeiture, pursuant to 18 U.S.C. §§ 981 and 984, of bank accounts named as defendants *in rem*. The complaint alleges that the funds in the accounts represent the proceeds of a scheme to defraud the Medicaid program that was allegedly carried out by Almonte, as the owner of Larimar Pharmacy, located at 4126 Broadway in the Bronx, New York, and by three employees of Larimar, Gregoria Reyes, Yolaine Peralta, and Teresa LNU, all of whom the complaint "collectively refer[s] to as the 'defendants'." Complaint, ¶ 4. According to the complaint, "the defendants"obtained drug prescriptions from Medicaid beneficiaries in exchange for cash or merchandise, and then submitted those claims to Medicaid, which provided reimbursement for prescription drugs that had not in fact been dispensed. ¶¶ 6 and 7. Referring to bank records that were reviewed by FBI agents, the complaint alleges that money representing those reimbursements was deposited into four of the defendant bank accounts, and that money from those accounts was subsequently transferred to other accounts controlled by Almonte. ¶¶ 13-15.

The government contends that the defendants *in rem* are subject to forfeiture on the theory that they contain (1) property involved in money laundering transactions in violation of 18 U.S.C. §§1956(a), ¶17(a)-(d); (2) property involved in money laundering transactions in violation of 18 U.S.C. § 1957, ¶ 17(e)-(h); and (3) property that constitutes or is derived from proceeds traceable to a federal health care offense. ¶ 17(i)-(j).

2

On November 23, 2005, Ms. Almonte filed a verified claim in which she asserted an ownership interest in the defendant accounts.

## ARGUMENT

### POINT

**THE GOVERNMENT HAS FAILED TO STATE WITH SUFFICIENT PARTICULARITY THE FACTUAL CIRCUMSTANCES SUPPORTING ITS CLAIM THAT THE DEFENDANTS *IN REM* ARE SUBJECT TO FORFEITURE**

**A.    The Applicable Legal Standards**

Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that the complaint in a forfeiture action "shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."  While the complaint does not have to meet the ultimate trial burden of showing probable cause for forfeiture, it must allege "*facts* sufficient to support a reasonable belief that the government can demonstrate probable cause for finding the property tainted."  *United States v. Daccarett,* 6 F.3d 37, 47 (2d Cir. 1993) (emphasis added).  This standard, which is more stringent than the ordinary pleading requirements of the Federal Rules of Civil Procedure, represents an "implicit accommodation to the drastic nature of the civil forfeiture remedy."  *Id.*; *United States v. All Funds on Deposit in Dime Sav. Bank of . . . ,* 255

3

F.Supp.2d 56, 67 (E.D.N.Y. 2003).  The more demanding particularity requirement of the Supplemental Rules provides a "way of ensuring that the government does not seize and hold, for a substantial period of time, property to which, in reality, it has no legitimate claim."  *United States v. 4492 Livonia Road*, 889 F.2d 1258, 1266 (2d Cir. 1989); *United States v. Pole No. 3172, Hopkinton*, 852 F.2d 636, 638 (1st Cir. 1988).

Additionally, because the present complaint is premised on allegations of fraud, it is subject to Rule 9(b) of the Federal Rules of Civil Procedure, which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Court of Appeals has interpreted this rule to mean that a fraud allegation must:

> (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.

*Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 51 (2d Cir. 1995), quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993)).  *See also Luce v. Edelstein*, 802 F.2d 49, 52 (2d Cir. 1986)(complaint must specify the time, place, speaker, and content of each allegedly fraudulent statement).  Where fraud by more than one defendant is alleged, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).  *See also Ellison v. American Image Motor Co.,* 36 F.Supp.2d 628, 640 (S.D.N.Y. 1999) (quoting *In re Blech Sec. Litig.*, 928

4

F.Supp. 1279, 1294 (S.D.N.Y.1996) (internal quotations omitted))(plaintiff cannot satisfy Rule 9(b) by filing a complaint "in which defendants are clumped together in vague allegations").

### B. The Complaint Does Not Satisfy the Applicable Pleading Requirements

In the present complaint, the government has disregarded the pleading requirements discussed above. Although its claims for relief are premised on allegations of fraud, virtually all of its allegations are categorically made as to all of the "defendants," without any effort to specify which defendant is responsible for any particular fraudulent act. *See Luce*, 802 F.2d at 54 (it is insufficient to attribute conduct simply to "defendants"). The complaint fails to "inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio,* 822 F.2d at 1247. Furthermore, while the complaint broadly alleges an ongoing scheme over a period of approximately four years, it fails to specify the time, place, and content of each alleged misrepresentation, or the person or persons who allegedly made particular false representations. Thus, the complaint plainly does not satisfy the pleading requirement of Rule 9(b).

The complaint also fails to allege with particularity sufficient facts to establish the grounds on which it claims it is entitled to forfeiture. With regard to its claim that the defendants *in rem* contain proceeds of money laundering in violation of 18 U.S.C. § 1956(a), the complaint offers no basis for concluding that any transaction

involving the defendant funds was intended to "promote the carrying on of specified unlawful activity," §1956(a)(1)(A)(I) or to "conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity." §1956(a)(1)(B)(I). The "promotion" element is not satisfied by proof of the "mere receipt and deposit of funds." *United States v. Thorn*, 317 F.3d 107, 133 (2d Cir. 2003). Rather, there must be "evidence that the receipt and deposit of laundered funds was made with the intent to promote the specified underlying unlawful activity, be it, for example, by promoting continued illegal activity or by being essential to the completion of the scheme." *Id*. The present complaint, however, does not allege anything other than the "receipt and deposit" of the funds in question. It provides no factual basis for concluding that the funds were used to promote unlawful activity or that transactions involving the funds were conducted with such an intent.

The complaint also alleges no facts that would support the conclusion that any transaction was conducted with intent to "conceal." While the complaint contains a conclusory assertion that funds were transferred from the accounts into which they were initially deposited to other accounts in order to "conceal the funds," Complaint, ¶ 15, that suggestion defies common sense. The accounts into which the funds were transferred were held in the name of either Larimar Pharmacy or Ana Almonte. ¶ 15(a)-(d). Surely, therefore, transferring money into those accounts could not have been intended to "conceal or disguise the nature, the location, the source, the ownership, or the control" of those funds. *See United States v. Kalust*, 249 F.3d 106, 111-12 (2d Cir.2001) (Winter, J.,

6

concurring)("Far from disguising ill-gotten cash, depositing the fruits of a crime in a bank account openly controlled by the defendant, as occurred here, leaves an incrimination paper trail for investigators in the first place they would look.").  Thus, the complaint fails to plead sufficient facts to support the conclusion that the funds it seeks were involved in money laundering in violation of 18 U.S.C. § 1956(a).

"To establish that defendants have engaged in money laundering activity prohibited by Section 1957, plaintiffs must prove 1) that defendants knowingly conducted a monetary transaction in criminally derived property; 2) that the property had a value greater than $10,000; and 3) that the property was in fact derived from 'specified unlawful activity.'"  *Crown Heights Jewish Community Council, Inc. v. Fischer*, 63 F.Supp.2d 231, 239 (E.D.N.Y. 1999).  While the complaint broadly alleges that large sums of money were deposited into the defendant bank accounts, it does not specify any particular transaction in an amount greater than $10,000.  Additionally, while the complaint refers to the statutory provision that "[a]ny act or activity constituting an offense involving a Federal health care offense" constitutes a "specified unlawful activity," Complaint, ¶¶ 17(d) and (j), quoting 18 U.S.C. § 1996(c)(7)(F), it does not specify the particular "Federal health care offense" from which the defendant accounts were allegedly derived.

Thus, the complaint fails to allege sufficient facts to establish the grounds pursuant to which it seeks forfeiture of the defendants *in rem*, and fails to satisfy the heightened

7

pleading requirements applicable to an action seeking forfeiture and an action premised

on allegations of fraud.

## CONCLUSION

For the reasons discussed above, the complaint should be dismissed.

Respectfully submitted,


/s/_____
IVAN S. FISHER
251 East 61st Street
New York, New York 10021
(212) 486-0001
*Attorney for Claimant*
*Ana I. Almonte*