IVAN STEPHAN FISHER
ATTORNEY AT LAW
251 East 61st Street
New York, New York 10021

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/23/05

IVAN STEPHAN FISHER
[illegible]

[illegible]
Of Counsel


DEC 23 2005
CHAMBERS OF
WILLIAM H. PAULEY
[U.S.D.J.]

Tel: (212) [illegible]
Fax: (212) 486-[illegible]

December 21, 2005

*Application granted. A conference is scheduled for January 4, 2006 at 10:00 a.m.*

SO ORDERED:

[signature]

WILLIAM H. PAULEY III U.S.D.J.
12/23/05

By Mail

Honorable William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street
Room 2210
New York, New York 10007

Re:  United States v. Any and All Funds in Account Nos. 072000245, et al.
     05 Civ. 9105 (WHP)

Dear Judge Pauley:

Pursuant to Rule 3A of this Court's Individual Practices, I am writing to request a pre-motion conference.

The proposed motion on behalf of my client, claimant Ana Almonte, will seek dismissal of the verified *in rem* complaint pursuant to Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Rule 9(b) of the Federal Rules of Civil Procedure on the ground that the government has failed to satisfy the pleading requirements applicable both to actions seeking forfeiture and those based on claims of

LAW OFFICES SHERMAN FISHER

Honorable William H. Pauley III
December 20, 2005
Page 2

fraud.[1] Rule E(2)(a) provides that the complaint in a forfeiture action "shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Court of Appeals has interpreted that requirement to mean that a fraud allegation must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 51 (2d Cir. 1995), quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993), and that, where fraud by more than one defendant is alleged, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987). The anticipated motion will demonstrate that the present complaint fails to satisfy these pleading requirements.

The Court has scheduled a pretrial conference at 10:00 am on January 27, 2006. Having been advised by Assistant United States Attorney Lisa Korologos that the government agrees that our time for filing an answer to the complaint will not begin to run until our contemplated motion is decided by the Court, or otherwise resolved, we would suggest that the conference requested in this letter be conducted as part of the scheduled conference.

Respectfully,

Ivan S. Fisher
*Attorney for Claimant
Ana I. Almonte*

cc: Lisa Korogolos, Esq.
    *Assistant United States Attorney*

---

[1] A motion and memorandum of law seeking dismissal on these grounds were filed on December 12, 2005, but were stricken by the Court by an order dated December 15, 2005.