USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
UNITED STATES OF AMERICA,           :
                                    :
                                    :     STIPULATION AND
           -v.-                     :     ORDER TO STAY ACTION
                                    :
ANY AND ALL FUNDS IN ACCOUNT        :     05 Civ. 9105 (WHP)
NOS. 0720002445 AND 0790003230,     :
IN THE NAME OF ANA ALMONTE, AND     :
NOS. 791002991 AND 791003007 IN     :
THE NAME OF LARIMAR PHARMACY, HELD
AT PONCE DE LEON FEDERAL BANK, OR   :
ANY ACCOUNT(S) TO WHICH SAID
CONTENTS HAVE BEEN TRANSFERRED,     :

ANY AND ALL FUNDS IN ACCOUNT        :
NO. 498-0008703-65 IN THE NAME OF
ANA ALMONTE, HELD AT JP MORGAN      :
CHASE, OR ANY ACCOUNT(S) TO
WHICH SAID CONTENTS HAVE BEEN
TRANSFERRED,
                                    :
ANY AND ALL FUNDS IN ACCOUNT NOS.   :
71663100 AND 71663020, IN THE NAME  :
OF ANA ALMONTE, AND NOS. 3287334
AND 44773742 IN THE NAME OF         :
LARIMAR PHARMACY, HELD AT
CITIBANK, OR ANY ACCOUNT(S) TO      :
WHICH SAID CONTENTS HAVE BEEN
TRANSFERRED,                        :

ANY AND ALL FUNDS IN ACCOUNT NOS.   :
1804752128 AND 1804752136, IN
THE NAME OF LARIMAR PHARMACY,       :
HELD AT WASHINGTON MUTUAL BANK,
OR ANY ACCOUNT(S) TO WHICH SAID
CONTENTS HAVE BEEN TRANSFERRED,
                                    :
           Defendants-in-rem.
------------------------------------x

           WHEREAS, on October 25, 2005, the above-captioned civil

action was commenced by the filing of a verified complaint (the

"Verified Complaint"), seeking the forfeiture of all right, title

and interest in the following funds:

    ANY AND ALL FUNDS IN ACCOUNT NOS. 0720002445 AND 0790003230, IN THE NAME OF ANA ALMONTE, AND NOS. 791002991 AND 791003007 IN THE NAME OF LARIMAR PHARMACY, HELD AT PONCE DE LEON FEDERAL BANK, OR ANY ACCOUNT(S) TO WHICH SAID CONTENTS HAVE BEEN TRANSFERRED,

    ANY AND ALL FUNDS IN ACCOUNT NO. 498-0008703-65 IN THE NAME OF ANA ALMONTE, HELD AT JP MORGAN CHASE, OR ANY ACCOUNT(S) TO WHICH SAID CONTENTS HAVE BEEN TRANSFERRED,

    ANY AND ALL FUNDS IN ACCOUNT NOS. 71663100 AND 71663020, IN THE NAME OF ANA ALMONTE, AND NOS. 3287334 AND 44773742 IN THE NAME OF LARIMAR PHARMACY, HELD AT CITIBANK, OR ANY ACCOUNT(S) TO WHICH SAID CONTENTS HAVE BEEN TRANSFERRED,

    ANY AND ALL FUNDS IN ACCOUNT NOS. 1804752128 AND 1804752136, IN THE NAME OF LARIMAR PHARMACY, HELD AT WASHINGTON MUTUAL BANK, OR ANY ACCOUNT(S) TO WHICH SAID CONTENTS HAVE BEEN TRANSFERRED,

(hereinafter, the "Defendant Funds");

WHEREAS, on or about November 18, 2005, Ana I. Almonte (the "Claimant") filed a Verified Statement of Interest and Statement of Claim asserting an interest in the Defendant Funds;

WHEREAS, thirty days have passed since notice of the action was made, the requisite time periods have passed, and no claims other than those stated above were filed or made;

WHEREAS, the Verified Complaint alleges, <u>inter alia</u>, that the Defendant Funds are subject to civil forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), because they constitute proceeds of federal health care fraud offenses, in violation of Sections 1347 and 1349 of Title 18, United States Code, and property traceable to such violations;

WHEREAS, on or about November 15, 2005, Indictment 05 Cr. 1198 (NRB) was filed, charging Ana I. Almonte and others with conspiring to commit and committing federal healthcare fraud, in violation of Sections 1347 and 1349, United States Code, Title 18 (the "Almonte Criminal Case");

WHEREAS, on or about January 25, 2006, the Government filed a Bill of Particulars in the Almonte Criminal Case, specifically including the Defendant Funds in the forfeiture allegation of Indictment 05 Cr. 1198 (NRB) as forfeitable proceeds of federal health care fraud and property traceable to such proceeds;

WHEREAS, as set forth below, in relevant part, Section 981(g) of Title 18, United States Code, provides that the Court may stay a civil forfeiture proceeding upon motion of either the Government or the claimant where, as here, there is a related criminal action:

> (1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
>
> (2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant, if the court determines that—
>
>> (A) the claimant is the subject of a related criminal investigation or case;
>>
>> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and

>   (C)  continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

WHEREAS, the Government believes that civil discovery could adversely affect the ability of the Government to conduct the prosecution of the Almonte Criminal Case;

WHEREAS, the Claimant is a defendant in the Almonte Criminal Case and believes that continuation of this civil forfeiture proceeding may burden her right against self-incrimination;

WHEREAS, the parties have agreed that this civil matter should be stayed and therefore jointly move the Court to stay the above-captioned civil action to allow the criminal prosecution to proceed;

NOW, THEREFORE, upon the consent of the United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, Lisa P. Korologos, Assistant United States Attorney, with the consent of the claimant Anna Almonte, by her attorney, Ivan S. Fischer, Esq.

**IT IS HEREBY STIPULATED, ORDERED AND AGREED that:**

1.  The parties agree that a stay of the above-captioned civil forfeiture action is appropriate to allow the prosecution of <u>United States v. Almonte, et al.</u>, 05 Cr. 1198 (NRB) to proceed.

    2.  The Government shall promptly notify the Court of the disposition of the Almonte criminal prosecution.

    3.  Nothing in this Stipulation and Order shall limit the ability of any of the parties to move to rescind the stay at any time.

    4.  The above-captioned civil action is stayed pursuant to Section 981(g) of Title 18, United States Code, pending the further order of the Court.

    5.  The signature pages of this stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

Date: January 26, 2006          **MICHAEL J. GARCIA**
                                United States Attorney
                                Southern District of New York
                                Plaintiff

                                By: _____
                                    LISA P. KOROLOGOS
                                    Assistant United States Attorney

                                **ANA I. ALMONTE**
                                Claimant

                                By: _____
                                    IVAN S. FISHER, ESQ.
                                    Attorney for Ana I. Almonte

**SO ORDERED.**

Dated: January 27, 2006         _____
                                **WILLIAM H. PAULEY III**
                                United States District Judge
                                Southern District of New York

5